# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:18CR00025-010 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JOSHUA TODD CHAPMAN,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Joshua Todd Chapman, Defendant Pro Se.*

The defendant, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255.  The United States has filed a motion to dismiss, to which the movant has responded.  For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

After pleading guilty, the defendant was sentenced by this court on July 3, 2019, to a total term of 168 months imprisonment on Count One of the Indictment. Count One charged the defendant with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(a), 846.

In his § 2255 motion, the defendant contends that his counsel erroneously advised him that he would be eligible for the so-called safety valve in the calculation of his sentence, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 5C1.2 and 18 U.S.C. 3553(f), and that he would not have pled guilty had

he known the safety valve would not apply.  He further argues that his counsel was ineffective in failing to seek a continuance of his sentencing until after a firearms charge in Tennessee was dismissed, and in failing to argue for the application of the safety valve at his sentencing hearing.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686.  To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687.  To satisfy the prejudice prong

- 2 -

of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

A defendant who has pled guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the guilty plea context, a petitioner must also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 371–72 (2010).

As an initial matter, Chapman asserts that the government's motion to dismiss is untimely and should be stricken. Rule 5(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts states, "The respondent is not required to answer the motion unless a judge so orders." On July 14, 2020, the court ordered the government to respond to the § 2255 motion within 60 days. Order to Respond, ECF No. 1173. After the entry of that Order, Chapman filed his amended § 2255 motion on August 7, 2020. On October 8, 2020, I ordered the government to respond to the amended § 2255 motion within 14 days. Order to Respond, ECF No. 1240. The government filed its motion to

dismiss on October 22, 2020, 14 days from the entry of my Order.  Because the government responded within the time allowed by the court, I find that the motion to dismiss is timely.

Chapman further takes issue with the fact that the government did not file a separate certificate of service for its motion to dismiss.  Effective December 1, 2018, the Federal Rules of Criminal Procedure were amended to provide that when a document is filed electronically via the court's CM/ECF system, no certificate of service is necessary.  Fed. R. Crim. P. 49(b)(1) ("No certificate of service is required when a paper is served by filing it with the court's electronic-filing system.").  The lack of a certificate of service therefore does not affect the validity of the government's Motion to Dismiss.

Regarding the merits of the § 2255 motion, at his guilty plea hearing, the Assistant United States Attorney stated that "each defendant understands that the determination of what sentence should be imposed within the applicable statutory maximum and minimums as well as the United States Sentencing Guidelines will be based upon the Court's ultimate decision."  Guilty Plea Hr'g Tr. 9, ECF No. 1174.  I asked Chapman, "Are those terms just recited included in your plea agreement as you understand it?" and he responded, "Yes."  *Id.* at 12.  I asked, "Has anyone made any promise to you, other than those made in the plea agreement, that caused you to want to plead guilty?"  *Id.* at 13.  Chapman

responded, "No." *Id.* I explained to Chapman that I could not sentence him to less

than the mandatory minimum sentence of ten years' imprisonment and that his

offense carried a maximum sentence of life in prison. *Id.* at 13-14. He stated that

he understood the possible consequences of his plea. *Id.* at 14-15. He further

affirmed his understanding that his sentence might be different from any estimate

his lawyer had given him. *Id.* at 16.

Absent extraordinary circumstances, "allegations in a § 2255 motion that

directly contradict the petitioner's sworn statements made during a properly

conducted Rule 11 colloquy are always palpably incredible and patently frivolous

or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal

quotation marks omitted). Chapman clearly indicated that he understood that he

would receive a sentence of imprisonment of at least ten years, up to life, and he

chose to plead guilty with that knowledge. Based on the Rule 11 colloquy, I find

that he has failed to show that his guilty plea was not knowing and voluntary.

Chapman has not met his burden of proving that absent his counsel's allegedly

erroneous advice regarding application of the safety valve, he would have pled

guilty and insisted on going to trial.

As for his ineffective assistance claim, Chapman's counsel filed a sentencing

memorandum in which he argued that "Chapman did not use violence or threats of

violence or possess a firearm or other dangerous weapon in connection with the

offense." Sent'g Mem. 7, ECF No. 562.  At his sentencing hearing, I stated:

> [T]he probation officer indicates that the defendant, under the First
> Step Act, is entitled to the so-called safety valve.  Now -- but that's
> not reflected in the guideline range because the sentencing
> commission has not, as I understand, adopted the statutory language
> yet in the First Step Act.  And the probation officer suggests that the
> Court might consider a variance based on the statutory qualifications
> of the defendant.

Sent'g Hr'g Tr. 6, ECF No. 1175.  I went on to explain:

> [T]he defendant was obtained by writ from Tennessee and so he's in
> primary -- apparently, in primary state custody unless those Tennessee
> charges have been dismissed.  And one of them, at least, seems to
> involve relevant conduct to the conspiracy in which he was convicted
> in this court.  And that's described in paragraph 347 of the
> presentence report.  Again this is a Sullivan County Circuit Court
> charge that was indicated to be pending.

*Id.*  A conversation about the applicability of the safety valve ensued.

Chapman's counsel then asked the court for a sentence of ten years,

representing a downward variance from his guidelines range.  Regarding the safety

valve, his counsel argued:

> [T]he First Step Act, the mitigating factors there, I mean they do apply
> to Mr. Chapman.  He was found in Sullivan County with a gun, as the
> government noted.  There's two defendants in that case.  He's not
> been convicted.  It wasn't Mr. Chapman's car.  My understanding is
> both defendants have been charged with that.  He still awaits that
> when he goes back.
>
> So I guess I would ask the Court to look at all this in fashioning
> a sentence for Mr. Chapman and vary downward to the ten-year
> mandatory minimum.

At the same time, we would ask that the relevant conduct contained in the presentence report in paragraph 347, that this sentence would run concurrent with any sentence he got from that in Sullivan County.

*Id.* at 12.

Before announcing Chapman's sentence, I explained:

The government does point out that the First Step Act new factor for determining a possible safety valve reduction in the guideline range for the defendant would not apply because of the evidence, which has not been contested, that he appeared to have possessed a firearm during his participation in this conspiracy, which is described in the presentence report and, apparently, for which he was charged in state court.

I agree with the government that based on those facts the safety valve provision, even as amended by the First Step Act, would not apply to the defendant, and I would not consider a variance under the -- below the guidelines on that basis.

*Id.* at 15.

These excerpts show that contrary to the defendant's assertion, his counsel did argue for application of the safety valve, and I considered and rejected his request for a downward variance on that basis because the defendant had possessed a firearm during the course of the conspiracy. The ultimate dismissal of the firearms charge in Tennessee is irrelevant; what matters is the underlying fact of the possession. *See* USSG § 1B1.3; *United States v. Altamirano-Quintero*, 511 F.3d 1087, 1096 (10th Cir. 2007) ("Courts addressing the requirements for a defendant to meet the safety valve under 18 U.S.C. § 3553(f) have incorporated the sentencing guidelines' concept of relevant conduct.").

Chapman's counsel contended during the sentencing hearing that the firearm at issue did not belong to Chapman, but I found that assertion unpersuasive. *See United States v. Jackson*, 552 F.3d 908, 909–10 (8th Cir. 2009) (holding that constructive possession of a firearm is sufficient to preclude application of the safety valve) (citing *United States v. Matias*, 465 F.3d 169, 173–74 (5th Cir. 2006); *United States v. Herrera*, 446 F.3d 283, 287 (2d Cir. 2006); *United States v. McLean*, 409 F.3d 492, 501 (1st Cir. 2005); *United States v. Gomez*, 431 F.3d 818, 820-22 (D.C. Cir. 2005); *United States v. Stewart*, 306 F.3d 295, 327 n.19 (6th Cir. 2002)).   I therefore conclude that Chapman has failed to show either an unprofessional error by his attorney or resulting prejudice, as required by *Strickland*.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed.  A separate final order will be entered herewith.

DATED:  January 14, 2021

/s/  JAMES P. JONES
United States District Judge